Judge Owsley
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment recovered by Baker, in an action of replevin, brought by him in the court below, against Harper and James,
The trial was had on Uie general issue, and'in its progress, several questions were made to the court and decided, to which, exceptions were taken by the counsel of James and Harper.
The correctness of the decision upon each question, is controverted by the assignment of errors.
With respect to the first question made by the defendants in the court below, it is proper to premise, that it involved a point, totally irrelevant and impertinent to the issue made up by the parties, and which the jury were sworn to try. Evideneo was introduced for the purpose of disproving Raker’s right of property in the horse, for the taking of which (he action was brought, and the object of the defendants in the first question made, was to obtain such an instruction from the court, as would enable, them to succeed before the jury, on the. ground of a lack of right of property in Baker. Whether, '.herefore. the law bn or be not as was contended *422 for by ilie counsel of Harper and James, it is pei^ iectly clear, that tho court cannot have erred in refusing to give the instructions: for the doctrine is well settled, (hat by pleading’ the general issue in replevin, the defendant admits the right of property to be in the plaintiff, and that no evidence is admissible to disprove if, (Ksp. N. P. 2 part Am. E. 227, Caí! N. P. 04,1 and of course tho court cannot be bound to give any instruction to (he jury, lor the purpose ofiniluejiring the jury against the right oi‘ (he plaintiff to the-property, aa admitted by the defendant's plea.
(¡Carry — Wliclliur i> the emir oí’ the circuit court, in «ivú inslru.-'tiou on (l question not before (he jury, ¡lio j'idgnient ouf.ht to be reversal ij»<W the «iiBumf-tiuihere.
■^ííiícniciH of t\ M'-nco.
But in deciding upon the first question made by Harper and Janus, the court did not. barely refuse to instruct the jury, as coked for by them, hut moreover, went on to instruct the jury dffre.reiííJy, and the instructions as given are complained of bj the assignment of errors. Though different from (he instructions as ashed for by Harper and James, the iuoi ructions which the court gave relate to the right of propei ty. mid go to express the. opinion of the court, as to the right upon a hypothecated state, of facts, which (he evidence conduced to provp. But v.hetber or not, upon the fads supposed, tho law was correctly expounded by .(he court, cannot be niaieriaf in the p.’cscnt case, run] need not be considered by us. it was undoubtedly wrong for the conjtfo permii the parties, by travelling out of the. issue, to draw from it an opinion hypothecated upon facts totally irrelevant to the point in contest, and fordoing so, were títere, no other error in (he record, it would be worthy of consideration, whether the, judgment ought, not to be reversed. But as there is another point upon which (he judgment must be reversed, and an upon another trial of Use issue it will be perceived, that no question as to tho right of property in Baker will be- involved, wo shall not stop to enquire, whether or not, in point of law, the court were correct upon the facts supposed in its instructions to the jury.
The point upon which wo are of opinion the judgment must; bo reversed, grows out of the following state of case. H was proved that the horse, without the parfiripaimu or conrorronco of Jame:-, and *423 in his absence, was taken from the possession of' 'Baker hy Harper, but that at the commencement of the action, the horse was in the possession of both James and Harper. The court was asked to instruct the jury, that as there was no evidence against James, they must find for him; but the instruction as asked for, was refused; and the jury instructed that, if they should find that Harper got the horse without Baker’s consent, and that James was apprised of the maimer Harper got the- horse when he obtained the possession, as it did not appear how he got the, possession, James was a trespasser by relation, and in that event they must find against him,
One by rri(reoiit<£ to tt t rosna** committed bv another to his u*o, may become a principal.—
But—
A person ru* coivlnc the possesion of prouortv, Jemmies; it to have been obtained hy a (rompas-, does not thereby become a trcNnasser, & subject t') J hó action of ioplovin.
That m such civic, it does not appeal* bow such do*' huidant came to the pest-es-1. a fact from which a jury may infer, but the couvl cannot -assume upon if, that the trespass was committed for his use.
*423 In this instruction, the. court has carried the doctrine of trespasser by relation farther than we, have any recollection of having hitherto seen . it carried by any adjudged case or commentator upon law, and farther than we suppose, upon lega! principles, it ought to have been carried. We, admit, that, by agreeing to a trespass committed by another to his use, a person may, though he were absent when the trespass was committed, become principal, and that in an action against him for the-trespass, it would be-competent for the court, hypothecating its opinion upon such a state of facts, to instruct the jury, to iiud for the plaintiff.
But sue!) we do not understand to 6e the import 'of the instructions under consideration. Uy the instructions which were given, we understand the court, in substance, to .have derided that, though James may have been absent when the trespass was committed by Harper, and though it was not committed for bis use, yet, if he afterwards, with si knowledge of the trespass, received the possession 'of the horse, which Harper had taken in the perpetration of the trespass, that James was a trespasser by relation, and liable to the action as such.
if is true, tiie court seems to have placed some stress upon this circumstance, that it did not appear in evidence how James here.me possessed of the, horse. But if from that circumstance the court inferred tiie fact that the trespass was committed for the use, of James., and after drawing that ipfer-
Caparían and Brack for pl’ff.j Turnar for de’it.
ence.j came to the conclusion it did upon the law. it evidently took upon itself the decision of a fact which according to well established principles, ought to have been decided, under all the circumstances, by the jury, and which it was incompetent for the court to decide.
It results, therefore, that in its instructions to the jury the court erred, and that the judgment, must, consequently, ho reversed with cost, the cause reminded to the court below, and further proceedings there bad, not inconsistent with this opinion.